LEO POND, Respondent, v. HENRY GIFFORD and Another, Appellants.

County Court, Delaware County, May 31, 1934.

*Paul Eaton*, for the plaintiff.

*Elmer Baker*, for the defendants.

O'CONNOR, J. An action was brought in Justice's Court against the defendant Henry Gifford and another action against the defendant Alice Cuyle by the plaintiff on a bond executed by said defendants to procure an adjournment in an action brought in Justice's Court by the plaintiff against William Cummings and Lillian Cummings. The two cases were merged by consent of the parties. According to the complaint, in the action brought by the plaintiff against Lillian Cummings and William Cummings the summons was returnable July 23, 1932, at which time the defendants in that action requested an adjournment which was granted on the condition that they file an undertaking to the plaintiff as provided by section 183 of the Justice Court Act. Such an undertaking was

given and filed on the 1st day of August, 1932. On or about the 12th day of August, 1932, judgment was rendered in favor of the plaintiff against said Lillian and William Cummings for the sum of $182.67, and on the 17th day of August, 1932, an execution was duly issued upon the judgment obtained by plaintiff against said William and Lillian Cummings and was returned unsatisfied in the sum of $150.61. On or about the 21st day of July, 1932, William Cummings and Lillian Cummings executed a chattel mortgage to William H. Gifford, which was filed in the clerk's office of the town of Masonville, Delaware county, N. Y., on the 10th day of August, 1932. The plaintiff also alleges in his complaint that by executing such chattel mortgage said William and Lillian Cummings assigned and otherwise disposed of their property liable to levy and sale by virtue of an execution during the time of the running of the bond heretofore set forth and that there is, therefore, now due and owing plaintiff from said sureties the sum of $150.61, for which he demands judgment. Judgment was rendered in Justice's Court for the amount demanded in the complaint and from that judgment defendants appealed to County Court, and demanded a new trial.

Section 183 of the Justice Court Act provides as follows: " Undertaking on adjournment. Such an undertaking must be to the effect that if judgment is recovered by the plaintiff, and an execution thereon is returned wholly or partly unsatisfied, the sureties will on demand pay the amount due on the judgment, if before the expiration of ten days after the plaintiff became entitled to an execution, the defendant removes, secretes, assigns or otherwise disposes of any part of his property liable to levy or sale by virtue of an execution, except for the necessary support of himself and his family."

It is the contention of the defendants that the language of section 183 should be construed to mean that the plaintiff must become entitled to an execution and if during a period of ten days thereafter the defendant removes, secretes, assigns or otherwise disposes of any part of his property liable to levy or sale under an execution the sureties upon the bond become liable, otherwise not. On the other hand, plaintiff contends that the section should be construed so that, if the defendant removes or otherwise disposes of any part of his property from the time the undertaking is given and within ten days after plaintiff becomes entitled to an execution, the sureties are liable on their undertaking. In other words, that the liability of the sureties commences from the date the defendant executes the undertaking and extends until ten days after the plaintiff becomes entitled to an execution.

We are of the opinion that the contention of the plaintiff is correct and that if a defendant removes, secretes, assigns or otherwise disposes of any part of his property at any time after the undertaking is given, and prior to the expiration of ten days after plaintiff becomes entitled to an execution the sureties become liable to pay on demand the amount due on the judgment. This is the construction given to this section in *Hutchinson* v. *Grout* (40 Hun, 207). To hold that the defendants' contention is correct would render that section of the Justice Court Act of little or no effect and would enable the defendant to procure an adjournment and then dispose of his property and defeat any recovery that the plaintiff might have.

The more serious question is raised as to whether the complaint states facts sufficient to constitute a cause of action. The complaint alleges that the summons was ordinarily returnable July 23, 1932; that the undertaking bears date August 1, 1932, and that judgment was rendered on the 12th day of August, 1932, and execution issued August 17, 1932. The complaint then alleges that William Cummings and Lillian Cummings executed a chattel mortgage to William H. Gifford on or about the 21st day of July, 1932, which was filed in the town clerk's office on the 10th day of August, 1932.

Defendants contend that the fact that as the chattel mortgage bears date and, according to the complaint, was given prior to the execution of the undertaking by the sureties, the sureties are not liable under the undertaking which they executed on the 1st day of August, 1932. The plaintiff contends that the transfer did not take place until the 10th day of August, 1932, when it was filed in the clerk's office of the town of Masonville and the sureties are, therefore, liable. This chattel mortgage would not be valid against the judgment creditors of the mortgagors until it was filed. (Lien Law, § 230.)

This court is not going to decide upon the pleadings as to whether the transfer complained of took place on the date of filing or on the date the chattel mortgage is alleged in the complaint to be executed. In order to make an intelligent decision it will be necessary for the court to hear the proof adduced by the respective parties as to the circumstances under which the chattel mortgage was executed and delivered by Cummings to defendant. The complaint is not properly framed and in our opinion does not state facts sufficient to constitute a cause of action. It does not allege upon what property the chattel mortgage was given nor that the property described in the chattel mortgage was not necessary for the support of the defendants and their families. However,

the plaintiff should be given an opportunity to properly frame his complaint and the issue tried out in court and a decision rendered after the evidence has been heard.

The motion to dismiss the complaint on the ground it does not state facts sufficient to constitute a cause of action is granted, with ten dollars costs to the defendants to abide the event. The plaintiff is allowed ten days after the service of a copy of the order herein upon him in which to amend his complaint and the defendants are given ten days after the service of said amended complaint in which to serve an answer. In case the plaintiff shall fail to make and serve an amended complaint the original complaint herein is dismissed, with costs to the defendants.

An order may be entered accordingly.